# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

# CHARLESTON DIVISION

IN RE: AMERICAN MEDICAL SYSTEMS, INC.
        PELVIC REPAIR SYSTEMS
        PRODUCT LIABILITY LITIGATION      MDL No. 2325

----------------------------------------------------------------
THIS ORDER RELATES ONLY TO CIVIL ACTIONS:

**Casias v. AMS, Inc.**        2:14-cv-30580

## MEMORANDUM OPINION and ORDER

Pending before the court is the Motion of American Medical Systems, Inc. ("AMS") to Compel Production of Documents and for Contempt. (ECF No. 79). In this motion, AMS asks the court to compel non-party Broward Outpatient Medical Center, LLC, d/b/a Women's Health Center of Florida ("Broward") to produce an itemized account of a $22,000 invoice charged to Plaintiff, Florida Casias, for mesh removal surgery performed at Broward. The undersigned previously ordered Broward to provide AMS and Plaintiff with an itemization of the invoice given that the mesh removal surgery is an element of damage claimed by Plaintiff Casias in her lawsuit against AMS. AMS asserts that Broward has provided documentation explaining $10,145.97 of the $22,000 invoice, but has failed to provide any records to justify the remaining $11,854.03 charge. AMS seeks an order compelling additional documentation and finding Broward in contempt for disobeying the court's prior order.

Broward has filed a response in opposition to the motion, arguing that it provided AMS with all existing documentation reflecting payments made by Broward from the

1

$22,000 fee charged to Ms. Casias. (ECF No. 81). Broward contends that it was not required to create or maintain an itemization of its charges to Ms. Casias, as Broward did not seek Medicare reimbursement for the services rendered in the mesh removal surgery. Furthermore, Broward posits that the court cannot hold it in contempt under Federal Rule of Civil Procedure 45, because Broward fully complied with the court's order by providing all of the existing documentation. Broward indicates that it did not interpret the court's order to require Broward to create documents, and AMS has not demonstrated that Broward withheld any information that should have been supplied.

The undersigned agrees with Broward that it was not required to create a document based upon the court's prior order, and for that reason, should not be held in contempt of court. However, Broward should be able to create an itemization of the $22,000 invoice with relative ease, and both AMS and Plaintiff Casias are entitled to such an itemization in this multidistrict litigation.

Florida Statute § 395.301 provides that within 7 days following a patient's discharge or release from a licensed hospital, ambulatory surgical center, or mobile surgical facility not operated by the state, the facility shall, upon request, submit to a patient "an itemized statement detailing in language comprehensible to an ordinary layperson the specific nature of charges or expenses incurred by the patient, which in the initial billing shall contain a statement of specific services received and expenses incurred for such items of service, enumerating in detail the constituent components of the services received within each department of the licensed facility ..." Fla. Stat. § 395.301(1). In addition, the statute states: "A licensed facility shall make available to a patient all records necessary for verification of the accuracy of the patient's bill within 30 business days after the request for such records," Fla. Stat. § 395.301(10), and "[e]ach facility shall establish

a method for reviewing and responding to questions from patients concerning the patient's itemized bill. Such response shall be provided within 30 days after the date a question is received." Fla. Stat. § 395.301(11). Broward is presumably a licensed, for-profit ambulatory surgery center subject to this statute.[1] While it is true that Ms. Casias did not request an itemized bill within seven days of discharge from Broward, the statute anticipates that each such facility will have the capability of preparing an itemized bill when required. Moreover, the statute expects facilities to have a mechanism in place to address questions regarding specific patient charges. Consequently, Broward should be able, without much difficulty, to recreate the remainder of Ms. Casias's invoice. While it is also true that the request for the itemized bill is not coming directly from the patient in this case, Ms. Casias is obligated to provide that information to AMS. Indeed, the parties agreed very early in the litigation that AMS was entitled to receive or collect copies of all of Plaintiff's relevant health care information within her custody *and control*. (*See* PTO #19). Thus, Broward may consider this an order to Broward to provide Plaintiff with a copy of the itemization, and a concurrent order to Plaintiff to provide the itemization to AMS.

Wherefore, the court **GRANTS** AMS's motion to compel an itemization of the remainder of Ms. Casias's $22,000 invoice for services rendered at Broward Outpatient Medical Center, LLC. The itemization need not be any more detailed than that typically

---

[1] Interestingly, Florida's Agency for Health Care Administration has a listing for Broward Outpatient Center, an ambulatory care center with an address at 150 SW 12th Avenue, Pompano Beach, Florida, and a listing for an exempt facility, Broward Outpatient Urgent Care, LLC, with an address of 150 S. Andrews Avenue, Pompano Beach, Florida. *See* www.floridahealthfinder.gov. The non-party in this case, Broward Outpatient Medical Center, LLC, is not listed by that name on the Agency's website, but is located at 150 S. Andrews Avenue, Pompano Beach, Florida. The two addresses, SW 12th Avenue and Andrews Avenue, appear to be very close in proximity. Broward Outpatient Medical Center, LLC's, website advertises surgical, as well as urgent care, services. *See* www.browardoutpatient.com. Accordingly, the only reasonable conclusion is that the entities are all related, and the surgical services constitute a licensed ambulatory care center.

provided pursuant to Fla. Stat. § 395.301 and shall be provided to AMS and Plaintiff within **twenty (20) days** of the date of this Order. As the undersigned does not find Broward to have willfully disobeyed the prior court order, AMS's motion to hold Broward in contempt is **DENIED**.

Because neither party raised the Florida statute in their briefing, the undersigned grants Broward **seven (7) days** from today's date to request a stay and reconsideration of this Order on the ground that the statute does not apply to Broward, or on the basis that some other compelling reason prevents Broward from providing an itemized statement pursuant to the language of the statute.

The Clerk is instructed to provide a copy of counsel of record and to counsel for non-party, Broward Outpatient Medical Center, LLC.

**ENTERED:** June 23, 2016

_____
Cheryl A. Eifert
United States Magistrate Judge